UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE J MONROE,

Plaintiff,

v.

ELSA GARCIA, et al.,

Defendants.

Case No. 25-cv-03631-NW

**ORDER SCREENING AND SERVING AMENDED COMPLAINT**

Plaintiff Antoine J. Monroe, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The Court dismissed Monroe's prior Complaint for failure to state a claim and granted him leave to amend.  The Amended Complaint (ECF No. 9) is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons outlined below, the Court **ORDERS SERVICE** of the Amended Complaint.

## I.  BACKGROUND

Monroe's Amended Complaint states as follows:

Monroe alleges that R.N. Helen and Dr. Elsa Garcia were deliberately indifferent to his medical needs when they failed to properly treat cellulitis on his foot.  ECF No. 9 at 2–3.  As a result, Monroe contends that the cellulitis on his left foot has grown from the size of a pin to the size of a baseball; the cellulitis has spread throughout his body; and Monroe is now disabled and unable to walk as a result of the lack of adequate medical treatment.  He also alleges that Defendants, whose patients are mostly Black, "minimize and marginalize their [patients'] ailments."  *Id.* at 3.

Monroe seeks injunctive relief and monetary damages.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  "A person deprives

United States District Court
Northern District of California

2

another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III.    DISCUSSION

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds in *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "deliberate indifference" claim requires the Court to examine the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059. A prison official is deliberately indifferent to a prisoner's medical needs if he or she knows that the prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Monroe alleges that R.N. Helen and Dr. Garcia minimized his complaints regarding his medication, which was not addressing the cellulitis when it was limited to Monroe's foot, or when the cellulitis spread to his entire body. Monroe also alleges that he became disabled and unable to walk due to their failure to provide him with adequate medical care. Liberally construing the allegations, Monroe states a cognizable claim of deliberate indifference against R.N. Helen and his primary care physician, Dr. Garcia, for failing to properly treat his cellulitis as described above.[1]

## IV.    CONCLUSION

The Court orders as follows:

       1.  Monroe states cognizable claims of Eighth Amendment deliberate indifference

---

[1] Monroe does not explicitly allege racial discrimination, but to the extent he was attempting to do so, the Court notes that he did not provide his own race or allege that he was treated differently as a result of his race. *More v. Farrier*, 984 F.2d 269, 271–72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (first step in determining whether equal protection rights were violated is to identify the relevant class to which a plaintiff belongs).

United States District Court
Northern District of California

against R.N. Helen and Dr. Garcia.

2. Defendants shall be **SERVED**.

a. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents:  the operative complaint (ECF No. 9), this order, a CDCR Report of E-Service Waiver form, and a summons.

b. No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS") or whether any Defendant declined to waive service.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

c. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

d. Additionally, the Clerk shall mail a copy of this order to Monroe.

3. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

a. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will

United States District Court
Northern District of California

be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Monroe.

b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Monroe's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Monroe must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Monroe failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e. The motion shall be deemed submitted as of the date the reply brief is due.

Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Monroe with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6. It is Monroe's responsibility to prosecute this case. Monroe must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

6

**United States District Court**
**Northern District of California**

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.