United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE J MONROE,

Plaintiff,

v.

ELSA GARCIA, et al.,

Defendants.

Case No. 25-cv-03631-NW

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO AMEND ANSWER**

Re: ECF No. 16

The Court is in receipt of Defendants' first motion to amend their Answer. *See* ECF No. 16. Plaintiff Antoine J. Monroe, a *pro se* state prisoner, did not file an opposition to the motion. For the reasons set forth below, the motion is **GRANTED**.

I.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order or a pleading past the deadline set by a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-cv-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may consider resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking

modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 573 U.S. 373 (2015) (quoting *Johnson*, 975 F.2d at 609).

## II.     ANALYSIS

Defendants have shown diligence and good cause to amend their Answer under Federal Rule of Civil Procedure 16.  The Court ordered Defendants served on February 6, 2026.  ECF No. 10.  Defense counsel appeared in this matter on March 12, 2026, and timely filed an answer on March 26, 2026.  *See* ECF Nos. 13, 14; *see also* Fed. R. Civ. P. 12(a)(1)(A)(ii).  In the course of obtaining records and discovery related to the claims at issue, Defense counsel reportedly received Monroe's institutional records on April 17, 2026, and then soon discovered that Defendants may be entitled to a statute of limitations defense.  *See* ECF No. 16 at 2.  They filed the instant motion "as soon as practicable" on May 8, 2026.  *Id.*  Further, because discovery remains ongoing, the Court notes that Monroe is unlikely to be prejudiced by the delay in amending the answer.

## III.     CONCLUSION

The motion to amend the Answer (ECF No. 16) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 2, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California